1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT FOR THE

8                  EASTERN DISTRICT OF CALIFORNIA

9

10   RICHARD ZAMORA,                    )        1:04-cv-05355-AWI-DLB-P
                                        )
11          Plaintiff,                  )        **FINDINGS AND RECOMMENDATIONS**
                                        )        **RE DISMISSAL OF ACTION FOR**
12   vs.                                )        **FAILURE TO OBEY A COURT ORDER**
                                        )        **AND FAILURE TO STATE A CLAIM**
13   D. ADAMS,                          )        **UPON WHICH RELIEF MAY BE**
                                        )        **GRANTED**
14          Defendant.                  )
                                        )        (Doc. 8)
15

16      Plaintiff, Richard Zamora ("plaintiff"), is a state prisoner

17   proceeding pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19      By order filed November 16, 2006, the court found that

20   plaintiff's complaint failed to state any claims for relief against

21   the named defendants.  The court dismissed plaintiff's complaint

22   and ordered plaintiff to file an amended complaint within thirty

23   (30) days from the date of service of that order.  More than thirty

24   days have passed and plaintiff has not filed an amended complaint

25   or otherwise responded to the court's order.[1]

26

27      [1] The United States Postal Service returned the order served on plaintiff on November 29, 2006,
     as undeliverable.  However, plaintiff has not notified the court of any change in his address.  Absent such
28   notice, service at a party's prior address is fully effective.  See Local Rule 83-182(f).

1      Local Rule 11-110 provides that "failure of counsel or of a

2   party to comply with these Local Rules or with any order of the

3   Court may be grounds for the imposition by the Court of any and all

4   sanctions . . . within the inherent power of the Court."  District

5   courts have the inherent power to control their dockets and "in the

6   exercise of that power, they may impose sanctions including, where

7   appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,

8   782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,

9   with prejudice, based on a party's failure to prosecute an action,

10  failure to obey a court order, or failure to comply with local

11  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

12  1995)(dismissal for noncompliance with local rule); Ferdik v.

13  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

14  failure to comply with an order requiring amendment of complaint);

15  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

16  failure to comply with local rule requiring pro se plaintiffs to

17  keep court apprised of address); Malone v. U.S. Postal Service, 833

18  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

19  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

20  1986)(dismissal for failure to lack of prosecution and failure to

21  comply with local rules).

22      In determining whether to dismiss an action for lack of

23  prosecution, failure to obey a court order, or failure to comply

24  with local rules, the court must consider several factors: (1) the

25  public's interest in expeditious resolution of litigation; (2) the

26  court's need to manage its docket; (3) the risk of prejudice to the

27  defendants; (4) the public policy favoring disposition of cases on

28  their merits; and, (5) the availability of less drastic

1 | alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

2 | 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

3 | Ghazali, 46 F.3d at 53.

4 | In the instant case, the court finds that the public's

5 | interest in expeditiously resolving this litigation and the court's

6 | interest in managing the docket weigh in favor of dismissal as this

7 | case has been pending since 2004.  The third factor, risk of

8 | prejudice to defendants, also weighs in favor of dismissal, since a

9 | presumption of injury arises from the occurrence of unreasonable

10 | delay in prosecuting an action.  Anderson v. Air West, 542 F.2d

11 | 522, 524 (9th Cir. 1976).  The fourth factor -- public policy

12 | favoring disposition of cases on their merits -- is greatly

13 | outweighed by the factors in favor of dismissal discussed herein.

14 | Finally, a court's warning to a party that his failure to obey the

15 | court's order will result in dismissal satisfies the "consideration

16 | of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at

17 | 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The

18 | court's order of November 16, 2006, requiring plaintiff to file an

19 | amended complaint, expressly stated: "...failure to file an amended

20 | complaint in accordance with this order will result in dismissal of

21 | this action for failure to state a claim and failure to comply with

22 | the court's order."  Thus, plaintiff had adequate warning that

23 | dismissal would result from non-compliance with the court's order.

24 | Accordingly, it is HEREBY RECOMMENDED that this action be

25 | DISMISSED for plaintiff's failure to obey the court's order of

26 | November 16, 2006, and for the reasons set forth therein, namely,

27 | for failure to state a claim upon which relief may be granted.

28 | //

1     These Findings and Recommendations are submitted to the United

2  States District Judge assigned to the case, pursuant to the

3  provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**

4  after being served with these Findings and Recommendations,

5  plaintiff may file written objections with the court.  Such a

6  document should be captioned "Objections to Magistrate Judge's

7  Findings and Recommendations."  Plaintiff is advised that failure

8  to file objections within the specified time may waive the right to

9  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

10  (9th Cir. 1991).

11     IT IS SO ORDERED.

12  **Dated:**   **February 28, 2007**       **/s/ Dennis L. Beck**
3c0hj8                         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28